UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | | |
|---|---|---|
| JERRY WOOLUM, M.D.  P.S.C, | ) | |
| | ) | |
| PLAINTIFF | ) | |
| | ) | CASE NO. 6:19-cv-00018-KKC |
| VS. | ) | |
| | ) | |
| AMERICORE HEALTH, LLC, and | ) | |
| PINEVILLE MEDICAL CENTER, d/b/a | ) | |
| SOUTHEASTERN KENTUCKY MEDICAL | ) | |
| CENTER | ) | |
| | ) | |
| DEFENDANTS | ) | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

The Plaintiff, Jerry Woolum M.D., P.S.C, by counsel, for its First Amended Complaint states and alleges as follows:

PARTIES & JURISDICITON

1.      The Plaintiff, Jerry Woolum M.D., P.S.C. (hereafter "Woolum"), is a Kentucky Professional Service Corporation having a principal address of 121 Virginia Avenue Pineville, Kentucky 40977.

2.      The Defendant, Americore Health, LLC, ("Americore") is a Delaware Limited Liability Company whose registered agent for service of process is CT Corporation System 306 W. Main Street Suite 512 Frankfort, Kentucky 40601 and whose principal office address is 501 SE 2nd Street #901 Fort Lauderdale, Florida 33301.

3.      The Defendant, Pineville Medical Center, LLC d/b/a Southeastern Kentucky Medical Center ("SKMC") is a Delaware Limited Liability Company whose registered agent for service of process is CT

1

Corporation System 306 W. Main Street Suite 512 Frankfort, Kentucky 40601 and whose principal office address is 501 SE 2nd Street #901 Fort Lauderdale, Florida 33301.

4.      Furthermore, the amount in controversy exceeds the minimum jurisdictional limits of this Court.

<u>FACTS</u>

5.      That on July 6, 2015, the Plaintiff entered into a Professional Services Agreement ("Agreement") with the now dismissed entity, Pineville Community Hospital Association, Inc. ("PCH"), whereby Woolum was to be employed by PCH for an annual salary of approximately $300,000.00, Work RVU bonuses, quality incentive bonuses, and expense allowances for continuing education, license fees, vacation time, holidays, health insurance, life insurance, and other benefits.

6.      That the now dismissed and former Defendant PCH failed to pay Woolum for services rendered on behalf of and for the benefit of PCH pursuant to said agreement.

7.      Upon information and belief, sometime after entering into the agreement with PCH, Defendant Americore assumed management, operations, and duties of the PCH hospital facility.  That during this period, Defendant Americore failed to make payments to Plaintiff for services rendered on behalf and for the benefit of Defendant Americore.

8.      Upon information and belief, sometime after entering into the agreement with Defendant PCH, Defendant SKMC assumed management, operations, and duties of the PCH hospital facility.  That during this period, Defendant Southeastern Kentucky Medical Center failed to make payments to Plaintiff for services rendered on behalf of and for the benefit of the Defendant SKMC.

2

COUNT I
Breach of Contract Express and/or Implied

9.      Woolum reiterates and incorporates paragraphs 1-8 as if fully set forth herein.

10.      That as set forth above, the Defendants breached the Parties' contract by failing to pay Woolum.

11.      That the Defendants, by their actions, have breached the contract that Defendants expressly assumed on behalf of PCH.

12.      That the Defendants, by their actions, have breached the implied contract between Plaintiff and Defendants by failing to render payment to Plaintiff in accordance with said implied contract.  The Plaintiff rendered services to the Defendants which were accepted while the Defendants were in operations and control of the PCH entity thereby creating a benefit and profit to the Defendants.   Thus, the Parties course of dealings show a mutual intent to contract.

13.      That the Defendants have violated their common law duty of good faith by its treatment of Woolum's claim and has breached the covenants of good faith and fair dealing, rendering Defendants liable in contract and in tort for all damages flowing from said breach.

COUNT II
Trespass to Chattels

14.      Woolum reiterates and incorporates paragraphs 1-13 as if fully set forth herein.

15.      That in failing to pay Woolum for services rendered the Defendants have intentionally and/or recklessly intermeddled with the personal property of Woolum.

16.      Woolum is entitled to recover punitive damages in that

Defendants have acted towards him with reckless disregard, fraud, and oppression.

17.     Woolum is entitled to punitive damages in an amount in excess of the jurisdictional limits of this Court as determined by this Court or by a jury.

<u>COUNT III</u>
Conversion

18.     Plaintiff reiterates and incorporates paragraphs 1-16 as if fully set forth herein.

19.     That by failing to pay Woolum for services rendered the Defendants have intentionally exercised dominion and/or control over the property of Woolum thereby causing Woolum to suffer damage.

20.     Woolum is entitled to recover punitive damages in that Defendants have acted towards him with reckless disregard, gross negligence, fraud, and oppression.

21.     Woolum is entitled to punitive damages in an amount in excess of the jurisdictional limits of this Court as determined by this Court or by a jury.

<u>COUNT IV</u>
VIOLATIONS OF
KRS 337

22.     Plaintiff reiterates and incorporates paragraphs 1-20 as if fully set forth herein.

23.     That by failing to pay Woolum for services rendered the Defendants have intentionally violated the provisions of KRS 337 thereby causing Woolum to suffer damages.

24.     Woolum is entitled to all damages flowing from said violations

including but not limited to his reasonable attorneys fees.

<u>COUNT V</u>
QUANTUM MERUIT

25.     Plaintiff reiterates and incorporates paragraphs 1-23 as if fully set forth herein.

26.     In approximately November 2016, the Defendant Americore, entered into an agreement with PCH whereby Americore would manage and operate the PCH entity.

27.     Subsequently in approximately April 2018, Defendant SKMC was formed and that entity assumed operation and control of the PCH entity.

28.     That during both Americore's and SKMC's tenure, while said entities were operating and in control of the day to day operations and management of the Hospital, Woolum rendered services to Americore and SKMC with those entities' knowledge and consent and Woolum reasonably expected to be paid for those services

29.     Thus, Woolum is entitled to damages in the form of quantum meruit against Americore and SKMC.

**WHEREFORE,** Plaintiff demands as follows:

1.   Judgment pursuant to the Complaint in an amount the jury would find reasonable from the evidence and in excess of the jurisdictional limits of this Court;

2.   Compensatory damages;

3.   For pre and post judgment interest;

4.   Punitive damages;

5.   For trial by jury;

6.   For costs and attorneys fees;

5

7.   For all other relief to which the Plaintiff may be entitled.


Respectfully Submitted,

 _/s/Chris Douglas_____
Christopher F. Douglas
Douglas Law Office, PLLC
P.O. Box 158
Pineville, Kentucky 40977
606.337.3330
606.337.3341
chris@chrisdouglaslaw.com


## **CERTIFICATE OF SERVICE**

On June __6th__, 2019, I electronically filed this document through the CM/ECF

system.

- Hon. Pamela Adams Chesnut pchesnut@gcandh.com


_/s/ Christopher F. Douglas_
Christopher F. Douglas
COUNSEL FOR PLAINTIFF